In re CAROLINA SALES
CORPORATION, ID #:
56–0166070, Debtor.

**Bankruptcy No. S–82–01564–4.**

United States Bankruptcy Court,
E.D. North Carolina.

Oct. 12, 1984.

J. Larkin Pahl, Smith, Debnam, Hibbert & Pahl, Raleigh, N.C., for debtor.

Walter L. Hinson, Parker, Miles, Hinson & Williams, P.A., Wilson, N.C., trustee.

ORDER ALLOWING OBJECTIONS TO CLAIMS # 78, # 140 AND # 223

AND

DENYING OBJECTIONS TO CLAIMS # 71, # 79, # 89, # 108, # 109, # 114 and # 115

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the court to consider the trustee's objections to ten 11 U.S.C. § 507(a)(5) priority claims. A hearing was held in Raleigh, North Carolina on October 1, 1984.

The facts are not disputed.

Prior to filing for bankruptcy relief, Carolina Sales Corporation, as a wholesale distributor of major appliances conducted various campaigns to promote sales to retail dealers. The claims at issue arise from a promotional tour to Canada. The cost of the Canadian adventure was $800, but dealers could earn "points", which could be credited against the cost of the trip, by purchasing appliances from Carolina Sales Corporation. The tour was not limited to dealers, and others could participate by paying the full $800 price.

Advance cash deposits for the tour were received by Carolina Sales Corporation, placed in the general account and commingled with other corporate funds.

The trip was cancelled and subsequently Carolina Sales Corporation filed for relief under chapter 11 of the Bankruptcy Code.

Those who made pre-trip deposits filed the following claims in this chapter 11 case:

| CLAIM | NAME | AMOUNT PAID |
|---|---|---|
| # 71 | Shirley C. Galloway | $1,600.00 |
| # 78 | Barringer-Whitfield Furniture Co. (a corporation) | $100.00 |

| CLAIM | NAME | AMOUNT PAID |
|-------|------|-------------|
| # 79 | John B. Barringer | $1,327.00 |
| # 89 | Margaret L. Thompson | $50.00 |
| # 108 | Arthur Gold Dunn | $270.00 |
| # 109 | Pauline Harrell | $270.00 |
| # 114 | George A. Jackins | $800.00 |
| # 115 | Hilda R. Thomas | $800.00 |
| # 223 | Radio Electric Supply Co. (a corporation) | $391.00 |

Bargain Furniture Company, a partnership, filed a claim (# 140) in the amount of $1,280 based on "monies accumulated from purchase of appliances to be applied to Canada trip that was cancelled."

The trustee, Walter L. Hinson, maintains that all of these claims are general unsecured claims without priority.

If the claimants are entitled to any priority it would be under 11 U.S.C. § 507(a)(5) which gives a fifth priority to

> ...allowed unsecured claims of individuals, to the extent of $900 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

■ The 11 U.S.C. § 507(a)(5) priority only applies to the claims of "individuals" and consequently would not be available to the claims of Barringer-Whitfield Furniture Co. (# 78) and Radio Electric Supply Co. (# 223) which are corporations, and would not be available to the claim of Bargain Furniture Company, a partnership.

The remaining claimants are individuals, but the trustee contends that 11 U.S.C. § 507(a)(5) does not apply to their claims because: 1) the claim arises from a business transaction, not one for a personal, family or household use, and 2) the claim arises from an activity outside of the debtor's ordinary course of business.

■ While the Canadian tour was used by the debtor to further the mutual business relationship between the debtor and retail dealers, the trip itself was not a business trip; it was a pleasure trip for individuals. Certainly, any claim arising from "bonus points" earned for purchasing appliances in this business arrangement should not be afforded the "consumer priority".[1] The cash deposits made by individuals, however, have a different character. Those deposits were not for a business purpose, but for the personal enjoyment of the participants. The claims for cash deposits made for the Canadian trip therefore were for "the personal, family, or household use of such individuals."

■ The trustee's contention that the tour was outside of the ordinary scope of the debtor's business is correct, but irrelevant. There is no requirement under 11 U.S.C. § 507(a)(5) that the claim arise from an activity in the ordinary course of the debtor's business.

The priority of 11 U.S.C. § 507(a)(5) is designed to protect consumers in their dealings with *retail* merchants.

> Because of his (the consumer's) ignorance and his inability to bargain with a retail merchant, he is unable to do a credit investigation or obtain special terms from the merchant, as a true creditor may do.
>
> H.R.Rep. No. 595, 95th Cong., 1st Sess. 188 (1977), U.S.Code Cong. & Admin. News, 1978, pp. 5787, 6149.

11 U.S.C. § 507(a)(5), however, is not limited to cases involving retail merchants and

---

**1.** The claim of Bargain Furniture Company is such a claim and would also not be entitled to the U.S.C. § 507(a)(5) priority for that reason.

its application in this case is certainly consistent with Congressional intent. The debtor is not a retail merchant, but the individual claimants are in the same position as the typical retail consumer. The claimants, even though their retail businesses purchased products from the debtor, did not extend credit to the debtor and had no way of ascertaining the debtor's credit worthiness. Application of the 11 U.S.C. § 507(a)(5) priority to claims # 71, # 79, # 89, # 108, # 109, # 114 and # 115 is entirely consistent with both the letter and the spirit of the Bankruptcy Code. Accordingly,

IT IS HEREBY ORDERED that the trustee's objections to the claims of Barringer-Whitfield Furniture Company, (# 78), Bargain Furniture Company (# 140) and Radio Electric Supply Co. (# 223) are ALLOWED and those claims shall be general unsecured claims without priority, and

IT IS FURTHER ORDERED that the trustee's objections with respect to the claims of Shirley C. Galloway (# 71), John B. Barringer (# 79), Margaret L. Thompson (# 89), Arthur Gold Dunn (# 108), Pauline Harrell (# 109), George A. Jackins (# 114), and Hilda A. Thomas (# 115) are DENIED and those claims shall each be entitled to priority to the extent of $900 pursuant to 11 U.S.C. § 507(a)(5) and the balance of any such claim in excess of $900 shall be a general unsecured claim.