**In re ELSINGHORST BROS. CO., INC., Debtor.**

**Bankruptcy No. 93–11592 B.**

United States Bankruptcy Court, W.D. New York.

March 31, 1995.

Penney, Maier, Mandel, Wallach & Crowe (Mark S. Wallach, of counsel), Buffalo, NY, for Trustee.

CARL L. BUCKI, Bankruptcy Judge.

Ecclesiastical standards usually have no relevance to the interpretation of civil law. The present case, however, is one of those rare instances in which this Court must apply a statutory rule to the unfamiliar structure of a religious organization. Specifically at issue is whether a congregation of religious nuns may assert individual rights that are normally denied to corporations.

In this Chapter 7 proceeding, the trustee objects to the priority status of a claim which the Sisters of St. Joseph filed to recover a consumer deposit in the amount of $765.00. The Sisters assert that they paid this sum to Elsinghorst Brothers Company, Inc., as the purchase price for certain chocolate making equipment. Elsinghorst never delivered the equipment, but instead filed a petition for relief under Chapter 7 of the Bankruptcy Code. Acknowledging the dollar value of the indebtedness, the trustee now challenges only the Sister's claim to priority under 11 U.S.C. § 507(a)(6).

Section 507 of the Bankruptcy Code assigns a sixth priority to "allowed unsecured claims of individuals, to the extent of $900 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property ... for the personal, family, or household use of such individuals,

that were not delivered or provided."[1] The trustee simply contends that the Sisters of St. Joseph is a charitable organization and not an "individual" within the definition of this priority provision.

By its terms, section 507(a)(6) references only the claims of individuals. Reported decisions have uniformly held that corporations may not receive this priority. *See, e.g., In re Carolina Sales Corp.,* 43 B.R. 596, 597 (Bankr.E.D.N.C.1984). Nothing in the proof of claim indicates that the Sisters of St. Joseph are an incorporated entity. Rather, it appears reasonably clear that they are some form of religious society.

Even when a religious society incorporates, it retains an existence that is separate and apart from any corporate structure. *Baxter v. McDonnell,* 155 N.Y. 83, 95, 49 N.E. 667 (1898). "[N]ot owing its ecclesiastical or spiritual existence to the civil law," 66 Am.Jur.2d *Religious Societies* § 5, (1973), a religious congregation possesses an existence in addition to the legal identities either of its members or of whatever corporate structure those members may have created for operational purposes. At issue in the present objection is whether the claimant retains the attributes of those individuals who are its members. The answer is best understood through a study of contrasts with business corporations.

A corporation is regarded as a legal person, distinct from the identities of its stock holders and officers. Derived from this distinct character is the concept of limited liability. *See* Harry G. Henn, Law of Corporations, § 79 (2nd ed. 1970). Generally, corporate obligations are to be satisfied only from corporate assets, thereby insulating shareholders from liability. Shareholders are exposed only for the value of their original investment. Being distinct, corporations cannot assert rights belonging to those individuals who may possess a stock interest. In contrast, a religious congregation or order reflects a diametrically opposite approach. Its members seek not to insulate, but to contribute themselves to their community of believers and beliefs. Vows reinforce this commitment. The purpose of their organization is generally to pool their energies and dedication. In this context, the recovery of consumer deposits is a right which the religious society may assert on behalf of its individual members.

Having been duly and timely filed, the claim of the Sisters of St. Joseph enjoys a presumption of validity. The trustee has raised no objection to the consumer nature of the attempted purchase. Inasmuch as the congregation may assert this claim on behalf of its individual members, the claim retains its character as the assertion of a right of individuals. Accordingly, the trustee's objection is overruled.

So ordered.

---

1. Subsequent to the filing of the bankruptcy petition herein, Congress amended section 507(a)(6) to increase the limit of this priority to $1800. This amendment, however, enjoys only prospective application.